UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELINA M. GREEN,

     Plaintiff,

v.

CITIZENS DEBT RELIEF, LLC,

     Defendant.

_____/

Case No. 8:26-cv-02028

## COMPLAINT

**NOW COMES** ANGELINA M. GREEN **(**"Plaintiff"), by and through the undersigned counsel, complaining of CITIZENS DEBT RELIEF, LLC ("Defendant"), as follows:

### NATURE OF ACTION

1. Plaintiff brings this action seeking redress for violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), pursuant to Fla. Stat. § 501.201 *et seq.*, the Florida Credit Counseling Services Act ("FCCSA"), pursuant to Fla. Stat. § 817.801 *et seq.*, breach of contract, breach of fiduciary duty, the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679 *et seq.*, and the Florida Credit Services Organization Act ("FCSOA"), pursuant to Fla. Stat. § 817.700 *et seq.*

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the CROA pursuant to 15 U.S.C. § 1679 *et seq.*, and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Middle District of Florida, and all of the events or omissions giving rise to Plaintiff's claims occurred in this Middle District of Florida.

## PARTIES

5. Plaintiff is a natural person and consumer, over 18 years-of-age, residing in Sarasota, Florida.

6. Defendant is a company that purports to help consumers resolve their debt and improve their credit scores.

## FACTUAL ALLEGATIONS

7. In September 2024, Plaintiff was facing financial difficulties and had a number of debts prompting her to begin looking for companies who may be able to assist her in maintaining her creditworthiness and resolving her financial obligations.

8. Subsequently thereafter, Plaintiff discovered Defendant through its representation that it could help consumers resolve their financial obligations by negotiating with creditors to reduce their outstanding debts and improving their credit.

9. Plaintiff spoke with Defendant and Defendant's agent represented to Plaintiff that it would be able to: (1) resolve Plaintiff's financial obligations for a significant discount by negotiating with Plaintiff's creditors; and (2) improve Plaintiff's credit scores.

10. Defendant further represented to Plaintiff that all she would need to do is make monthly payments over a certain period of time and that Defendant would utilize the payments to expeditiously resolve Plaintiff's enrolled debts.

11. On or around September 11, 2024, having relied on Defendant's representations, Plaintiff formally enrolled various debts into Defendant's debt settlement programs by entering into a contract with Defendant.

12. Specifically, Plaintiff enrolled a total debt amount of approximately $32,232.

13. Pursuant to the contract, Plaintiff was obligated to make monthly payments of approximately $586.52.

14. Plaintiff proceeded to make her monthly payments to Defendant in a timely manner.

15. During the enrollment period, Plaintiff was repeatedly informed that Defendant was actively communicating with her enrolled creditors to settle outstanding debts.

16. Despite Defendant's assurances, Defendant failed to resolve Plaintiff's debts as expeditiously as Defendant represented it would.

17. Despite Defendant's representations, Plaintiff's credit score did not improve.

18. Plaintiff signed up for Defendant's debt settlement and credit improvement services based on its representations that it would negotiate and settle her outstanding debts and remove settled accounts from her consumer credit reports.

19. Throughout its dealings with Plaintiff, Defendant deceptively and misleadingly strung Plaintiff along, telling her what she wanted to hear in order for her to keep making payments, only to turn around and fail to deliver on the promises and representations that induced Plaintiff's continued participation in Defendant's debt settlement program.

20. Furthermore, Defendant repeatedly informed Plaintiff that it was working on negotiating settlements with her creditors on her behalf.

21. However, Defendant chronically failed to engage the vast majority of Plaintiff's creditors in settlement discussions, which resulted in Plaintiff's creditors hounding Plaintiff for payments.

22. Despite Plaintiff paying a significant sum into Defendant's program, Defendant failed to meaningfully (1) engage Plaintiff's creditors in settlement discussion, (2) resolve Plaintiff's debts, or (3) improve Plaintiff's credit score.

23. As a result of Defendant's inaction, Plaintiff's creditors continued to hound Plaintiff through harassing collection calls and other collection activity.

24. After faithfully making her payments into Defendant's debt settlement program, Plaintiff was shocked to learn that the Defendant had failed to resolve her enrolled accounts.

25. Plaintiff grew more frustrated upon discovering that Defendant had allocated a substantial portion of Plaintiff's monthly payments toward its own fees, rather than using those funds to settle Plaintiff's enrolled accounts.

26. As a result of Defendant's inaction, Plaintiff's credit score has decreased significantly despite Defendant's assurances that Plaintiff's credit score would improve during Defendant's program.

27. Plaintiff suffered significant damages as result of Defendant's misrepresentations and omissions, including: financial losses, emotional distress, aggravation, mental anguish, decreased credit score.

28. Simply put, Plaintiff found herself in a much worse financial position after enrolling in Defendant's "debt settlement" program.

## COUNT I – VIOLATIONS OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

29. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

30. The transactions giving rise to these claims constitute "trade or commerce" defined by Fla. Stat. § 501.203(8).

31. Pursuant to the FDUTPA § 501.204(1), "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

32. The provisions of the FDUTPA "shall be construed liberally to . . . protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." See Fla. Stat. § 501.202(2).

33. Violations of the FDUTPA further consider the rules promulgated in connection with the Federal Trade Commission Act, the standards of unfairness and deception set forth and interpreted by the Federal Trade Commission or the federal courts, as well as any law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices. See Fla. Stat. § 501.203.

34. Defendant violated the FDUTPA by, inter alia, unfairly and deceptively (1) failing to provide debt settlement services to the best of its ability in an effort effectuate reasonable settlements; (2) putting its financial interests ahead of Plaintiff's interests; (3) representing to Plaintiff that its program could improve Plaintiff's credit when it had knowledge that its program would destroy Plaintiff's credit; (4) charging settlement fees that are not authorized by contract and/or statute; (5) withdrawing funds from Plaintiff's designated savings account without Plaintiff's authorization; (6) misleading Plaintiff into believing she had full control over Plaintiff's designated savings account; and (6) violating the FCCSA (see Count II).

35.     Defendant's conduct was unfair and deceptive because Defendant misled Plaintiff into trusting that Defendant would act in her best interests and resolve her debts in a diligent manner.

36.     As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a.     A judgment in Plaintiff's favor and against Defendant;

b.     An award of actual damages in an amount to be determined at evidentiary hearing pursuant to the Fla. Stat. § 501.211(2);

c.     An award of punitive damages;

d.     An award of Plaintiff's costs and reasonable attorneys' fees pursuant to Fla. Stat. § 501.2105;

e.     Award any other relief this Honorable Court deems equitable and just.

## COUNT II – VIOLATIONS OF THE FLORIDA CREDIT COUNSELING SERVICES ACT

37.     Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

38.     Plaintiff is a "person" as defined by Fla. Stat. § 817.801(5).

39.     Defendant is a "credit counseling agency" as defined by Fla. Stat. § 817.801(1).

40.     Defendant is engaged in trade and commerce in the state of Florida because Defendant specializes in debt settlement/credit improvement services, which

is an activity within the stream of commerce and utilized in its regular course of business.

a. **Violation of FCCSA § 817.802**

41. The FCCSA, pursuant to Fla. Stat. § 817.802, governs the fees that can properly be charged by a credit counseling agency.

42. Defendant violated § 817.802 by charging fees not authorized by the FCCSA.

b. **Violations of FCSSA § 817.805**

43. The FCCSA, pursuant to Fla. Stat. § 817.805, provides that "[a]ny person engaged in debt management or credit counseling services shall disburse to the appropriate creditors all funds received from a debtor, less any fees permitted . . ., within 30 days after receipt of such funds."

44. Defendant violated § 817.805 of the FCCSA by failing to disburse Plaintiff payments to her creditors within 30 days of receiving such funds from Plaintiff.

45. Pursuant to § 817.806(1) of the FCCSA, "[a]ny person who violates any provision of [the FCCSA] commits an unfair or deceptive trade practice as defined by [Fla. Stat. § 501.201 *et seq.*]. Violators shall be subject to the penalties and remedies provided therein. Further, any consumer injured by a violation of this part may bring an action for recovery of damages. Judgment shall be entered for actual damages, but in no case less than the amount paid by the consumer to the credit counseling agency, plus reasonable attorney's fees and costs."

46.     Accordingly, Defendant's violations of the FCCSA are also violations of the FUDTPA.

47.     As pled above, Plaintiff was harmed by Defendant's unfair and deceptive conduct.

**WHEREFORE,** Plaintiff respectfully requests the following relief:

a.     Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.     Awarding Plaintiff actual damages;

c.     Awarding Plaintiff punitive damages.

d.     Awarding Plaintiff's costs and reasonable attorney fees;

e.     Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – BREACH OF CONTRACT

48.     Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

49.     The contract for debt settlement services between Plaintiff and Defendant is a valid and enforceable contract.

50.     The elements of breach of contract are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation.

51.     Defendant breached its contract with Plaintiff by, *inter alia*, (1) failing to provide debt settlement services to the best of its ability in an effort effectuate

reasonable settlements; (2) putting its financial interests ahead of Plaintiff's interests; (3) charging settlement fees that are not authorized by contract and/or statute; (4) withdrawing funds from Plaintiff's designated savings account without Plaintiff's authorization; and (5) taking full control over Plaintiff's designated savings account.

52.     The aforementioned conduct further breached the implied covenant of good faith and fair dealing.

53.     As set forth above, Plaintiff suffered damages as a result of Defendant's breach of contract.

**WHEREFORE**, Plaintiff respectfully the following relief:

a.     Declaring that Defendant breached the underlying contract;

b.     Awarding Plaintiff actual damages;

c.     Awarding Plaintiff of punitive damages; and,

d.     Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT IV – BREACH OF FIDUCIARY DUTY

54.     Plaintiff restates and realleges all previous paragraphs as though fully set forth herein.

55.     Defendant owed Plaintiff a fiduciary duty arising out of the nature of their relationship.

56.     Defendant owed Plaintiff a fiduciary duty because Plaintiff reposed a special confidence in Defendant and Defendant was bound to act in good faith and with due regard of Plaintiff.

57.     Specifically, Plaintiff entrusted Defendant with her money and to use her money in a responsible manner to settle her debts.

58.     Defendant breached its fiduciary duty to Plaintiff by, *inter alia*, (1) failing to provide debt settlement services to the best of its ability in an effort effectuate reasonable settlements; (2) pocketing unearned fees and fees not authorized by the contract and/or statute; (3) putting its financial interests ahead of the interests of Plaintiff; (4) withdrawing funds from Plaintiff's designated savings' account without Plaintiff's authorization; and (5) taking full control over Plaintiff's designated savings account after misleading into believing that she had full control over her designated savings account.

59.     As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a.     A judgment in Plaintiff's favor for breach of fiduciary duty

b.     Awarding Plaintiff actual damages;

c.     Award Plaintiff punitive damages;

d.     Award Plaintiff reasonable attorney's fees and costs;

e.     Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT V – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

60.     Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

61. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

62. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

### a. Violations of CROA § 1679b(a)(3) and (a)(4)

63. The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

64. Defendant violated of §§ 1679b(a)(3) and (4) by, *inter alia*, (1) misrepresenting the efficacy of its program; (2) misrepresenting that its program could improve Plaintiff's credit; and (3) misleading Plaintiff into believing that she had full control over her designated savings account.

### b. Violations of CROA § 1679b(b)

65.     The CROA, pursuant to 15 U.S.C. § 1679b(b), provides that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

66.     Defendant violated § 1679b(b) through its charging and receiving of money for services agreed to perform before such services are fully performed.

**c.     Violations of CROA § 1679d**

67.     The CROA, pursuant to 15 U.S.C. § 1679d, outlines various requirements for the contracts between credit repair organizations and consumers, including "a conspicuous statement in bold face type, in immediate proximity to the space reserved for the consumer's signature on the contract, which reads as follows: 'You may cancel this contract without penalty or obligation at any time before midnight of the 3rd business day after the date on which you signed the contract. See the attached notice of cancellation form for an explanation of this right.'" 15 U.S.C. § 1679d(b)(4).

68.     Defendant violated § 1692d(b)(4) of the CROA through its failure to contain the required disclosure in bold face type in immediate proximity for the place reserved for Plaintiff's signatures on the contract.

69.     As alleged above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a.     Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.    Awarding Plaintiff actual damages, as provided under 15 U.S.C. § 1679g(a)(1);

c.    Awarding Plaintiff punitive damages, as provided under 15 U.S.C. § 1679g(a)(2)(A);

d.    Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(3); and,

e.    Awarding any other relief as this Honorable Court deems just and appropriate

## COUNT VI - VIOLATIONS OF THE FLORIDA CREDIT SERVICES ORGANIZATIONS ACT

70.    Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

71.    Plaintiff is a "buyer" as defined by Fla. Stat. § 817.7001(1).

72.    Defendant is a "credit service organization" as defined by Fla. Stat. § 817.7001(2)(a).

**a.    Violations of FCSOA § 817.7005**

73.    The FCSOA, pursuant to Fla. Stat. § 817.7005, provides a list of prohibited conduct for credit services organizations.

74.    Pursuant to Fla. Stat. § 817.7005(1), a credit service organization must not charge or receive any money or other consideration prior to full and complete performance of its services, unless it has maintained a surety bond with the state, in

which case the sums paid must be retained until full performance of the services are rendered.

75.    Defendant violated Fla. Stat. § 817.7005(a) by charging Plaintiff money prior to *fully* resolving all of Plaintiff's enrolled debt.

76.    Defendant violated Fla. Stat. 817.7005(1) by failing to obtain the requisite surety bond of $10,000 to charge fees prior to the completion of its services.

77.    Pursuant to Fla. Stat. § 817.7005(4), a credit service organization cannot "[m]ake or use any false or misleading representations or omit any material fact in the offer or sale of the services of a credit service organization or engage, directly or indirectly, in any act, practice, or course of business that operates or would operate as fraud or deception upon any person in connection with the offer or sale of the services of a credit service organization, notwithstanding the absence of reliance by the buyer."

78.    Defendant violated Fla. Stat. § 817.7005(4) by, *inter alia*, (1) falsely representing to Plaintiff that its program could improve Plaintiff's credit; (2) misrepresenting the efficacy of its services; and (3) misleading Plaintiff into believing she would have full control over her designated savings account.

**b.    Violations of FCSOA § 817.704**

79.    The FCSOA, pursuant to Fla. Stat. § 817.704(1), outlines what must be included in a contract between a credit service organization and a consumer, including "[a] conspicuous statement in boldfaced type, in immediate proximity to space reserved for the signature of the buyer, as follows: 'You, the buyer, may cancel this contract at any time prior to midnight of the fifth day after the date of the transaction."

Fla. Stat. § 817.704(1)(a). Further, pursuant to Fla. Stat. § 817.704(2), the contract must be accompanied by a notice of the right to cancel which similarly outlines the required Florida five-day window.

80.    Defendant violated §§ 817.704(1)(a) & (2) through its failure to properly provide the length of time for cancellation as required by Florida law.

81.    As alleged above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a.    Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.    Awarding Plaintiff actual damages;

c.    Awarding Plaintiff punitive damages;

d.    Awarding Plaintiff's costs and reasonable attorney fees; and,

e.    Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 15, 2026                    Respectfully submitted,

_/s/ Travis P. Lampert_
Travis P. Lampert, Esq.
Sulaiman Law Group, Ltd.
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Fax: (630) 575-8188
tlampert@atlaslawcenter.com
*Counsel for Plaintiff*